JOHN H. BOWER V. JAMES CASSELS ET AL.

FILED JANUARY 24, 1900. NO. 9,098.

1. Appeal to District Court: PROCEDURE: DISMISSAL. After the trial of a case upon its merits and a judgment in his favor, one joint obligor, on an appeal to the district court from such judgment, moved to dismiss the appeal because the action in justice court had been dismissed as to his co-obligor, who could not be served with summons, which motion was sustained. *Held*, That the motion went to the merits of the controversy, which could not properly be determined and disposed of in a summary proceeding of that character.

2. ———: DEFECT OF PARTIES: WAIVER. That the defendant, having tried the case without objection upon the issues joined, waived thereby any defect of parties to the action.

3. ———: HEARING ON MOTION TO DISMISS. That, in a motion to dismiss an appeal, the court can not consider the merits of the controversy, and will confine its inquiry to the question, whether the appeal has been properly taken and perfected.

ERROR from the district court of Perkins county. Tried below before GRIMES, J. *Reversed.*

*John H. Bower, pro se.*

*B. F. Hastings, contra.*

HOLCOMB, J.

No briefs are filed in this case by defendant in error. The plaintiff in error complains of the order of the district judge dismissing an appeal to that court from a judgment rendered against him by a justice of the peace. It appears from the record that the original action was begun in justice court against the defendant upon a joint promissory note. Summons was served upon defendant Cassels and returned not found as to Cutler. Attachment proceedings in the same action were begun against Cutler on the ground that he was a non-resident of the state, the writ being returned by the officer not served, because he could find no goods or personal property of

the defendant on which to levy.   Several continuances were had by agreement of the parties in court.   The defendant answered by way of counter-claim and set-off, and also alleged that he was the principal maker of the note sued ·on, the defendant Cutler being only a surety thereon.   The plaintiff amended his bill of particulars, setting forth another cause of action in addition to the note originally sued on.   The plaintiff, after the issues were thus joined, asked to have the action as to Cutler dismissed, because service of summons could not be had upon him.   The record shows no action thereon by the justice before whom the cause was tried.   A trial was had, resulting in a verdict in favor of the defendant on his counter-claim and set-off, upon which judgment was rendered.   From this judgment plaintiff appealed to the district court in the manner prescribed by statute.   In the district court defendant and appellee moved to dismiss the appeal, because "the note sued on in this action is signed by this defendant and William J. Cutler, joint obligors thereon, and the plaintiff has dismissed this action against the said William J. Cutler while the same was pending before J. M. Sheridan, justice of the peace." This motion was sustained by the district court, and the appeal dismissed.

It is unnecessary, as we view the question before us, to discuss the subject of non-joinder of parties defendant, or the effect of the motion of plaintiff asking to dismiss the action against the party not served with summons. The proceedings were properly begun, and the motion evidently was regarded as proper in prosecuting the case under the provisions of section 84 of the Code of Civil Procedure, wherein it is provided that, in an action against defendants jointly indebted, plaintiff may proceed against the defendants served, unless the court otherwise direct.   See Code of Civil Procedure, sec. 84. Whatever virtue may be in defendant's objection because of the alleged defect of parties, the same goes to the merits of the case, and can not be disposed of on a mo-

tion to summarily dismiss the appeal. Under the issues joined in the justice court, not only was the amount due on the obligation, which plaintiff alleged was his individually, tried without objection, but other matters, constituting a further cause of action, and by way of counter-claim and set-off, were tried and determined. The defendant thereby waived his objection on the ground of defect of parties. See Maxwell, Pleading & Practice, p. 87, ed. 1885; Pomeroy, Remedics & Remedial Rights, sec. 287; Bliss, Code Pleading, sec. 411. It will be observed that the judgment appealed from was in favor of the defendant on his counter-claim and set-off, and the dismissal of the appeal leaves the case as tried and adjudicated in the lower court, reinstates the judgment therein rendered, and, if unreversed, is a final determination of the controversy. The right of the plaintiff to appeal from the judgment thus rendered against him and have the case heard *de novo* can not be doubted. See *Dale v. Hunneman*, 12 Nebr., 224. It is a rule of general application, so far as our knowledge extends, that, on a motion to dismiss an appeal, the court will not consider the merits of the controversy, and will confine its inquiry to the question whether the appeal has been properly taken and perfected under the statutory provisions governing the same. See *Hines v. Cochran*, 35 Nebr., 828; *Killinger v. Hartman*, 21 Nebr., 320; Elliott, Appellate Procedure, sec. 522. It follows, therefore, that the judgment dismissing the appeal is erroneous, and should be reversed, which is accordingly done, and the case remanded to the district court for further proceedings in accordance with law.

REVERSED.